UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES EX REL.<br>  SHARON ELLZEY | CIVIL ACTION |
| VERSUS | NO. 10-900 |
| CATHOLIC CHARITIES<br>  ARCHDIOCESE OF NEW ORLEANS | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is a motion to dismiss filed by Defendant, Catholic Charities Archdiocese of New Orleans (Rec. Doc. 18). As stated herein, **IT IS ORDERED** that the motion is **DENIED** insofar as it seeks dismissal of the entirety of Plaintiff's retaliatory discharge claim.[1]

## BACKGROUND

In this action, Plaintiff, Sharon Ellzey, asserts claims against Defendant, her former employer, under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §3729-3732. Urging that Plaintiff's allegations of retaliatory discharge fail to state a claim upon which relief can be granted, Defendant seeks dismissal of that claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Defendant's motion alternatively seeks dismissal of Plaintiff's request for general damages (Rec. Doc. 18-1, p. 4). In her opposition memorandum (Rec. Doc. 19, p.2), Plaintiff has withdrawn the request. Accordingly, that aspect of Defendant's motion is moot.

## LAW AND ANALYSIS

As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J.), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted); see also *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570)). The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S. Ct. 2279 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted).

Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Finally, to the extent that a complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz,* 534 U.S. at 514.

Applying the foregoing principles here, the Court, having carefully reviewed the parties' submissions and applicable law, finds Defendant's motion to lack merit. Specifically, Plaintiff's allegations in her Amending and Superseding Complaint (Rec. Doc. 17) that she was discharged because she made internal complaints of "illegal" charges against federal grants are sufficient to state a claim for retaliation under the False Claims Act, 31 U.S.C. §3730(h). *See United States v. Shaw Services, LLC,* 418 Fed. Appx. 366, 371-73, 2011 WL 924292, *4-5 (5th Cir. 2011)(unpub.); *Sealed Appellant I v. Sealed Appellee I*, 156 Fed. Appx. 630, 634-35, 2005 WL 3178190, *4 (5th Cir. 2005)(unpub.); *Robertson v. Bell Helicopter Textron*, 32 F.3d 948, 951-52 (5th Cir.1994). Although Plaintiff ultimately may not be able to set forth evidence necessary to survive summary judgment on her retaliation claim, the motion before the Court is one under Rule 12(b)(6), not Rule 56, of the Federal Rules of Civil Procedure. Accordingly, the motion is denied.

New Orleans, Louisiana, this 13th day of December 2012.

**KURT D. ENGELHARDT**
**United States District Judge**